UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>GLENN E. NEWCOMER CONSTRUCTION,<br><br>    Defendant. | Case No. 20-cv-00480-DMR<br><br>**ORDER ON MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 14 |

Plaintiff Colony Insurance Company ("Colony") filed this action for declaratory relief related to an insurance coverage dispute. Colony now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant Glenn E. Newcomer Construction's counterclaims. [Docket No. 14.] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   BACKGROUND**

Colony filed its complaint for declaratory relief on January 22, 2020. It seeks a determination of the parties' rights and obligations under an insurance policy Colony issued to Defendant Glenn E. Newcomer Construction ("Newcomer"). Colony alleges the following: in 2017, Colony issued general liability insurance policy no. 101 PKG 0006651-02 ("the policy") for the period April 21, 2017 to April 21, 2018. Compl. ¶ 7, Ex. A. In relevant part, the policy "generally provides coverage . . . for 'those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies,'" and provides that Colony "ha[s] the right and duty to defend the insured against any 'suit' seeking those damages," with certain exceptions and exclusions. Compl. ¶¶ 9-15.

On April 2, 2019, Hayley Melidonis filed a lawsuit against Newcomer and other

defendants in San Francisco County Superior Court, *Melidonis v. Lexington Insurance Company, et al.*, Case No. CGC-19-574967 (the "Underlying Action"). *Id*. at ¶ 19, Ex. B. Melidonis alleges that Newcomer acted as the general contractor for a construction and remodel project for a condominium unit located in San Francisco, California. She alleges that there were cost overruns and defects in the work performed, and brings claims for breach of contract, negligence, and fraud against Newcomer. Compl. ¶¶ 20-29. Colony alleges it received "notice of the incident giving rise to the Underlying Action" on August 13, 2018, and that it "agreed to provide Newcomer with a defense in the Underlying Action, subject to a full reservation of rights." *Id*. at ¶¶ 31, 38. It contends that "it has no defense or indemnity obligation in the Underlying Action" because the policy either does not cover the claimed damages by Melidonis or the damages are barred by policy provisions and exclusions. *Id*. at ¶¶ 40-43.

Colony also alleges that Newcomer seeks coverage under the policy for four additional matters arising out of the construction and remodel project: 1) a complaint by Melidonis to the California State License Board, number 2018-6460 ("CSLB 6460"); 2) a second complaint by Melidonis to the California State License Board, number 2018 001588 ("CSLB 1588"); 3) a complaint by Melidonis against Old Republic Surety Company, which issued a bond to Newcomer (the "bond claim"); and 4) claims for unpaid wages against Newcomer by individuals who worked on the construction and remodel project (the "labor claim"). *Id*. at ¶ 32. Colony contends that it does not have a duty to defend or indemnify Newcomer in these four related matters. It alleges that Newcomer informed Colony that CSLB 6460 "was closed without any action being taken"; that CSLB 1588 "was reportedly 'switched over to a different license' and does not involve a claim against Newcomer"; that the bond claim is against Old Republic Surety Company and that "no claim is asserted against Newcomer"; and that the labor claim "arises out of wages allegedly owed to individuals who claim to have performed work" on the construction and remodel project, which does not fall within the policy's coverage for "property damage." *Id*. at ¶¶ 33-36, 89.

Colony brings various claims for declaratory relief and two claims for reimbursement of costs and indemnity payments in the Underlying Action. Compl. 6-13.

Newcomer filed an answer and counterclaims on March 20, 2020. [Docket No. 11

(Answer).] In relevant part, he admits that he reported to Colony that CSLB 6460 "was closed without any action being taken." Answer ¶ 33. He admits that "at one time it was reported that CSLB 1588 was 'switched over to a different license' and does not involve a claim against Newcomer,'" but alleges that "that claim may have been assigned a new number and current status is not fully known." *Id*. at ¶ 34.

Newcomer admits the allegation that the bond claim is made against Old Republic Surety Company and not against Newcomer, but contends that the allegations "are incomplete in that any claim against Old Republic which Old Republic might come to pay would result in Old Republic seeking indemnity from Newcomer." *Id*. at ¶ 35. He also admits that the Labor Claim arises out of wages allegedly owed to individuals who claim to have worked on the construction and remodel project, but alleges that the allegations "are incomplete in that they fail to point out that the wage claims are inherently intertwined with the [construction and remodel project] and Melidonis's Underlying Action." *Id*. at ¶ 36.

Newcomer alleges that he tendered to Colony the defense and indemnification of the Underlying Action and that Colony is currently defending the action under a reservation of rights. *Id*. at ¶ 106. He also alleges that he "tendered to Colony defense/indemnification of three other Melidonis related claims and a related Labor Commission claim," and that "Colony refuses to defend and/or provide indemnification for any of the four additional matters." *Id*. Newcomer alleges that his personal attorney "has been trying to cooperate" with the attorney Colony assigned to represent him in the Underlying Action but that Colony "has failed to be cooperative whatsoever," such as refusing to provide Newcomer's personal attorney with "a copy of Colony's file," including any reports from investigators. According to Newcomer, Colony has "deprive[d] Newcomer of a complete picture of the defense of the Underlying Action" and "impede[d] Newcomer's ability to analyze the defense and/or any settlement positions which Colony and its Assigned Counsel might jointly or otherwise take." *Id*. at ¶ 108.

Newcomer brings counterclaims for breach of contract and bad faith. Answer ¶¶ 109-114. He seeks damages for Colony's breach "including attorney's fees incurred due to the need to retain undersigned counsel to assist in the defense of the Underling [sic] Action and related claims

3

and defense of Colony's instant action," as well as punitive damages. *See Answer* Prayer. Colony now moves to dismiss the counterclaims for failure to state a claim.

## II. LEGAL STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *See AirWair Int'l Ltd. v. Schulz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

4

1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

Newcomer brings counterclaims for breach of contract and bad faith. A claim for breach of contract under California law "requires a plaintiff to establish: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff." *Nationwide Mut. Ins. Co. v. Ryan*, 36 F. Supp. 3d 930, 938 (N.D. Cal. 2014).

Colony moves to dismiss Newcomer's breach of contract counterclaim on the grounds that it fails to identify any policy provisions that Colony allegedly breached, and instead makes the conclusory allegation that Colony "has breached and continues to breach its express and implied duties created by the Policy." *See* Answer ¶ 111. It also argues that with respect to the four related claims for which Newcomer sought coverage under the policy, Newcomer has not alleged facts establishing a breach of the policy by Colony. First, it notes that it is undisputed that CSLB 6460 is closed, and that CSLB 1588 does not involve claims against Newcomer. Colony argues that Newcomer's speculation about the unknown status of CSLB 1588 is insufficient to establish any contractual duties or obligations by Colony. Similarly, it argues that the bond claim does not involve a claim against Newcomer, and thus does not trigger any duties or obligations by Colony. As to the labor claim, Colony argues that the policy extends coverage to "sums that the insured becomes legally obligated to pay as damages because of 'property damage,'" and that claims for unpaid wages do not fall within the policy's coverage. Mot. 7-8.

In its opposition, Newcomer provides a detailed history of its dispute with Colony regarding the policy's coverage and submits copies of correspondence between its counsel and Colony regarding the Underlying Action and the four related matters. Opp'n 3-8; Spencer Decl., Apr. 28, 2020, Exs. A-L. As an initial matter, Newcomer offers no authority to support that the court may consider these facts and materials, which are not alleged in or attached to the pleadings. It is well-established that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the [pleadings] to a [party's] moving papers, such as a memorandum in

opposition to a . . . motion to dismiss." *Schneider v. Cal. Dep't of Corr*., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Moreover, Newcomer does not explain how the parties' communications are relevant to the central issue raised by Colony in its motion, namely, its failure to allege facts supporting a breach of a specific provision of the policy. It appears that Newcomer contends that the policy requires Colony to defend and indemnify Newcomer in the Underlying Action, and that its failure to do so constitutes a breach. *See* Answer ¶ 111. However, Newcomer admits that Colony agreed to defend Newcomer in the Underlying Claim and alleges that "Colony is currently defending said action under a reservation of rights." *Id*. at ¶¶ 38, 106. Newcomer alleges no facts to support a breach of contract claim based on Colony's alleged failure to defend. Further, although Newcomer alleges that Colony's "failure to provide Newcomer with crucial background information regarding the Underlying Action (and the related claims) . . . is a breach of the express and implied contractual provisions of the Policy," *id*. at ¶ 113, Newcomer does not identify any such express or implied provisions that require Colony to provide its attorney with this information.

To the extent that Newcomer's breach of contract claim is based on an alleged failure to indemnify Newcomer, Newcomer alleges that the policy "generally provides coverage for 'those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" *Id*. at ¶ 111 (emphasis removed). Yet Newcomer does not allege that it has become "legally obligated" to pay any damages, which would trigger Colony's duty to indemnify. Therefore, in the absence of facts supporting Colony's failure to indemnify Newcomer, any such failure cannot form the basis of a breach of contract claim.

Finally, Newcomer also addresses the four related matters in passing, arguing that "[t]he other claims are suits per the Policy. They should have been defended and if necessary indemnification should be paid." *See* Opp'n 6-7. To the extent that Newcomer's breach of contract counterclaim is based in part on Colony's refusal to defend and indemnify Newcomer in those matters, Newcomer has not sufficiently alleged such a basis as the counterclaim identifies only the Underlying Action. *See* Answer ¶ 111.

6

In sum, the court concludes that Newcomer has failed to sufficiently allege a breach of contract counterclaim. The counterclaim is therefore dismissed.

Newcomer's second counterclaim is bad faith. "As in every other contract, an implied covenant of good faith and fair dealing is implicit in an insurance contract." *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1208 (2009). "An insurer is said to act in 'bad faith' when it breaches its duty to deal 'fairly' and 'in good faith' with its insured." *Id*. (citation omitted). In order to establish a bad faith insurance claim, a plaintiff must show "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co*., 237 F.3d 987, 992 (9th Cir. 2001). "California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). As discussed above, Newcomer has failed to allege a breach of contract counterclaim. Accordingly, his bad faith claim is also dismissed.

Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). As the court cannot say that amendment would be futile, Newcomer is granted leave to amend its counterclaims.

## IV.     CONCLUSION

For the foregoing reasons, Colony's motion to dismiss Newcomer's counterclaims is granted. Newcomer's counterclaims are dismissed with leave to amend. Any amended counterclaims shall be filed by August 3, 2020.

**IT IS SO ORDERED.**

Dated: July 20, 2020



_____
Donna M. Ryu
United States Magistrate Judge