UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GLENN E. NEWCOMER CONSTRUCTION,<br><br>Defendant. | Case No. 20-cv-00480-DMR<br><br>**ORDER ON MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS**<br><br>Re: Dkt. No. 30 |

Plaintiff Colony Insurance Company ("Colony") filed this action for declaratory relief related to an insurance coverage dispute. Colony now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant Glenn E. Newcomer Construction's ("Newcomer's") amended counterclaims. [Docket No. 30.] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Colony filed this declaratory relief action on January 22, 2020. It seeks a determination of the parties' rights and obligations under general liability policy no. 101 PKG 0006651-02 ("the policy"), issued by Colony to Newcomer for the period April 21, 2017 to April 21, 2018. Compl. ¶ 7, Ex. A (Policy). In relevant part, the policy "generally provides coverage . . . for 'those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies,'" and provides that Colony "ha[s] the right and duty to defend the insured against any 'suit' seeking those damages," with certain exceptions and exclusions. Compl. ¶¶ 9-15.

On April 2, 2019, third party Hayley Melidonis filed a lawsuit against Newcomer and other defendants in San Francisco County Superior Court, *Melidonis v. Lexington Insurance*

*Company, et al.*, Case No. CGC-19-574967 (the "Underlying Action"). *Id.* at ¶ 19, Ex. B. Melidonis alleges that Newcomer acted as the general contractor on a construction and remodel project for a condominium unit located in San Francisco, California. She asserts claims against Newcomer for breach of contract, negligence, and fraud stemming from cost overruns and work defects. Compl. ¶¶ 20-29. Colony alleges that it received "notice of the incident giving rise to the Underlying Action" on August 13, 2018, and that it "agreed to provide Newcomer with a defense in the Underlying Action, subject to a full reservation of rights." *Id.* at ¶¶ 31, 38. It contends that "it has no defense or indemnity obligation in the Underlying Action" because the policy either does not cover the claimed damages by Melidonis or the damages are barred by policy provisions and exclusions. *Id.* at ¶¶ 40-43.

Colony brings various claims for declaratory relief and two claims for reimbursement of costs and indemnity payments in the Underlying Action. Compl. 6-13. Newcomer filed an answer and counterclaims on March 20, 2020. [Docket No. 11 (Answer).] On July 20, 2020, the court dismissed the counterclaims for breach of contract and bad faith with leave to amend. [Docket No. 28 (Order Dismissing Counterclaims).] Newcomer timely filed amended counterclaims on August 3, 2020. [Docket No. 29 (Am. Counterclaim).]

The amended counterclaims allege that Newcomer tendered the defense/indemnification of Melidonis's claim to Colony on January 30, 2019. *Id.* at ¶ 4. On April 24, 2019, almost three months after the tender, Colony responded that it would "continue to investigate this matter under a complete reservation of rights . . . [but] there does not appear to be coverage for any of the alleged damages." *Id.* at ¶ 6. On July 19, 2019, Colony's counsel wrote to Newcomer that following Colony's completion of its investigation of Melidonis's claim, it determined "that the . . . 'Colony Policy' does not provide coverage for the Claim," and informed Newcomer that "therefore Colony declines to provide either defense or indemnity . . . [and] will cease paying for the defense of Newcomer in forty-five days . . ." *Id.* at ¶ 15.

Newcomer alleges that after Colony informed Newcomer that "it was pulling its defense, [Colony] then stated it would continue to defend." Newcomer admits that Colony is currently providing a defense in the Underlying Action under a reservation of rights and has assigned

2

defense counsel, but alleges that Colony "has refused to acknowledge its duty of indemnification owed to Newcomer." *Id*. at ¶ 8. Newcomer alleges that Colony's "attempts to thwart coverage rest on certain inapplicable Policy provisions." *Id*. at ¶¶ 16-18. It further alleges that "there is no contractual provision in the Policy which provides that [Colony's defense] may be conditioned upon a reservation of rights," and that "[c]overage clearly should be acknowledged." *Id*. at ¶ 18.

Newcomer further alleges that the Colony adjuster handling the defense of the Underlying Action is also handling the prosecution of the instant action against Newcomer for declaratory relief. Newcomer alleges that "[b]y this maneuver Colony has put itself in a potentially awkward conflict of interest position" and has acted against Newcomer's interests. Due to "uncertainty surrounding this peculiar situation Newcomer has had to retain . . . counsel" to defend Newcomer in this action and "become more involved at least in an observatory role than would generally be expected vis-à-vis a reservation of rights defense." *Id*. at ¶ 9.

Newcomer brings amended counterclaims for breach of contract, anticipatory breach, and breach of the implied covenant of good faith and fair dealing. *Id*. at ¶¶ 19-33. It seeks damages for Colony's breaches including but not limited to "attorney's fees and related litigation costs" and punitive damages. Am. Counterclaims 8, Prayer. Colony now moves to dismiss the amended counterclaims for failure to state a claim.[1]

## II. LEGAL STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *See AirWair Int'l Ltd. v. Schulz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51

---

[1] Colony's motion was due by no later than August 17, 2020, which was 14 days after Newcomer filed its amended counterclaim. *See* Fed. R. Civ. P. 15(a)(3) ("any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). However, Colony did not file its motion until August 24, 2020. It explains that it mistakenly calendared its deadline based on Rule 12(a)(1)(B), which provides that "[a] party must serve an answer to a counterclaim . . . within 21 days after being served with the pleading that states the counterclaim[.]" [Docket No. 37-2 (Robertson Decl., Sept. 15, 2020) ¶ 6.] As Newcomer does not describe any prejudice caused by Colony's late filing, the court will consider the motion despite its untimeliness.

3

1   F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim,
2   the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v.*
3   *Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only
4   where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to
5   state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d
6   1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v.*
7   *Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial
8   plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable
9   inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation
10  omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions,
11  and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*
12  *Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee*
13  *v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty.*
14  *of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

15  As a general rule, a court may not consider "any material beyond the pleadings" when
16  ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).
17  However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack*
18  *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents
19  whose contents are alleged in a complaint and whose authenticity no party questions, but which
20  are not physically attached to the pleading," without converting a motion to dismiss under Rule
21  12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
22  1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept
23  as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr.*
24  *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

#### A. Breach of Contract

Under California law, "[a]n insured can pursue a breach of contract theory against its insurer by alleging the insurance contract, the insured's performance or excuse for

4

nonperformance, the insurer's breach, and resulting damages." *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 536 (1998). Colony moves to dismiss Newcomer's amended counterclaim for breach of contract on the ground that it fails to identify any policy provision that Colony allegedly breached.

The amended counterclaim sets forth three alleged breaches of contract by the insurer: 1) Colony's "failure to accept coverage for indemnity"; 2) Colony's creation of a "conflict ridden situation where the same adjuster is both prosecutor of and defender for its insured"; and 3) Colony's failure to comply with California insurance regulations and statutes in connection with its response to Newcomer's January 30, 2019 tender. Am. Counterclaim ¶ 22. The court will address each in turn.

### 1. Colony's Alleged Failure to Indemnify Newcomer

Newcomer first alleges that Colony breached the contract by failing to accept its duty to indemnify Newcomer. Newcomer acknowledges that the policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *See* Compl. ¶ 9; Answer ¶ 9; Am. Counterclaim ¶ 10. However, Newcomer does not allege that it has become "legally obligated" to pay any damages, which would trigger Colony's duty to indemnify. In the absence of allegations supporting Colony's failure to indemnify Newcomer, any such failure cannot form the basis of a breach of contract claim.

The court previously dismissed this breach of contract theory for the same reason, namely, that Newcomer failed to allege sufficient facts supporting Colony's failure to indemnify Newcomer. Order Dismissing Counterclaims 6. As Newcomer has already been given the opportunity to amend the breach of contract counterclaim based on failure to indemnify, dismissal of this claim is without leave to amend.

### 2. Colony's Alleged Creation of a Conflict

Next, Newcomer alleges that Colony breached the insurance agreement by creating a conflict "where the same adjuster is both prosecutor of and defender for its insured." Am. Counterclaim ¶ 22; *see also id*. at ¶ 9. Newcomer makes the following supporting allegations:

5

> By this maneuver Colony has put itself in a potentially awkward conflict of interest position and by dividing its interests and loyalties has acted against the best interests of its insured. Say, for example, if information were to surface which was beneficial to Colony's defense of Newcomer but less than beneficial to Colony's prosecution of its case against Newcomer would Colony provide Retained Counsel with this information? Given that Colony has refused to produce its claim file the answer is unknown at this point. However, because of uncertainty surrounding this peculiar situation Newcomer has had to retain undersigned counsel, not only to defend against Colony's Dec Relief action, but to become more involved at least in an observatory role than would generally be expected vis-à-vis a reservation of rights defense.

Am. Counterclaim ¶ 9.

The Amended Counterclaim does not allege how the purported conflict constitutes a breach of the insurance contract by Colony. In its opposition brief, Newcomer expands on this claim, arguing that "there is no Cumis counsel to protect Newcomer in the Underlying Action because Colony has denied Newcomer's Civil Code § 2860 demand for same." Opp'n 7. It notes in an unnumbered footnote that "[o]n Sept. 1, 2020 Colony's counsel in this instant Dec Relief Action . . . wrote to undersigned counsel, on Colony's behalf, denying Newcomer's demand per Calif. Civil Code § 2860 for independent counsel for the Underlying Action." *Id*.

"Under California law, when an insurer agrees to defend its insured under a reservation of rights, a conflict exists between the insurer and insured." *Cont'l Cas. Co. v. Enodis Corp.*, 417 F. App'x 668, 671 (9th Cir. 2011) (citing *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal.App.3d 358, 361, 375 (1984)). "In those instances, the insured has a right to retain independent counsel to be paid for by the insurer, commonly referred to as '*Cumis* counsel.'" *Id*. (citing *Bogard v. Employers Cas. Co.,* 164 Cal.App.3d 602, 611 (1985)). In 1987, the California Legislature codified the duty to provide independent counsel in California Civil Code section 2860, which provides that "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured" unless the insured waives the right to independent counsel in writing. Cal. Civ. Code § 2860(a). However, California courts repeatedly have recognized that "a conflict of interest does not arise every time the insurer proposes to provide a defense under a reservation of

6

1    rights.  There must also be evidence that the outcome of [the] coverage issue can be controlled by

2    counsel first retained by the insurer for the defense of the [underlying] claim." *Gafcon, Inc. v.*

3    *Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1421 (2002) (quotation marks and citations omitted,

4    brackets in original); *see also* Cal. Civ. Code § 2860(b).  "It is only when the basis for the

5    reservation of rights is such as to cause assertion of factual or legal theories which undermine or

6    are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient

7    to require independent counsel, to be chosen by the insured, will arise." *Gafcon*, 98 Cal. App. 4th

8    at 1421-22.  Therefore, "[i]n the event of the insurer's reservation of rights, the insured's right to

9    independent counsel depends upon the nature of the coverage issue, as it relates to the issues in the

10   underlying case." *Id*. at 1422 (quotation marks and citation omitted).

11         Newcomer's opposition brief suggests that its breach of contract claim is based in part on

12   the contention that Colony is contractually obligated to provide *Cumis* counsel but has refused to

13   do so.  With appropriate supporting facts, such an allegation could form the basis for a breach of

14   contract claim.  *See, e.g., Citizens Ins. Co. of Am. v. Chief Digital Advisors*, No. 20-CV-1075-

15   MMA (AGS), 2020 WL 6889174, at *4 (S.D. Cal. Nov. 24, 2020) (holding that defendant insured

16   had stated a plausible claim for breach of insurance contract based on insurer's failure to provide

17   independent counsel).  The problem with Newcomer's theory is that it is not clearly pleaded in the

18   amended counterclaim, and rests almost entirely on the statements in the opposition.  Newcomer

19   was already warned about this problem in the previous order dismissing Newcomer's original

20   counterclaims, which states that "[i]t is well-established that '[i]n determining the propriety of a

21   Rule 12(b)(6) dismissal, a court may not look beyond the [pleadings] to a [party's] moving papers,

22   such as a memorandum in opposition to a . . . motion to dismiss.'"  Order Dismissing

23   Counterclaim 5-6 (quoting *Schneider v. Cal. Dep't of Corr*., 151 F.3d 1194, 1197 n.1 (9th Cir.

24   1998)).[2]  The amended counterclaim does not adequately allege facts to support a breach of

---

[2] Both parties inexplicably submitted and referred to material outside the pleadings in connection with this motion.  [*See* Docket Nos. 30-1 (Robertson Decl. Aug. 24, 2020) ¶¶ 6, 7, 8, Exs. 6-8; 34 (Spencer Decl. Sept. 7, 2020); 37-1 (Totorp Decl. Sept. 15, 2020); 37-2 (Robertson Decl. Sept. 15, 2020) ¶¶ 3-5.]  For example, Colony submitted evidence with its reply disputing Newcomer's allegation that "the Colony adjuster handling the defense of the Underlying Action for Newcomer is the same person who is handling the prosecution of the instant Dec Relief Action against

1    contract claim based on Colony's failure to provide *Cumis* counsel, as it does not clearly allege the

2    existence of a conflict giving rise to a duty owed by Colony under California Civil Code section

3    2860, nor does it allege that Colony breached any such duty.  Accordingly, this counterclaim is

4    dismissed with leave to amend.

### 3.    Colony's Alleged Failure to Comply with State Law

6    The third and final basis for Newcomer's breach of contract claim is Colony's alleged

7    "fail[ure] to comply with and abide by the provisions of Calif. Code of Regulations Title 10

8    Chapter 5 Sec. 2695 *et seq*. and Calif. Ins. Code § 790.03(h)(1) *et seq*."  Am. Counterclaim ¶ 22.

9    It appears that this claim is based on Colony's response to Newcomer's January 30, 2019

10   tender for defense of the Melidonis action.  Opp'n 8-9.  Newcomer alleges that Colony did not

11   respond until April 24, 2019, almost three months after the tender.  Am. Counterclaim ¶ 6.  It

12   alleges that Colony's untimely response violated California insurance regulations, which provide

13   that "[u]pon receiving proof of claim, every insurer . . . shall immediately, but in no event more

14   than forty (40) calendar days later, accept or deny the claim, in whole or in part."  Cal. Code Regs.

15   tit. 10, § 2695.7(b).  "Proof of claim" is defined as "any evidence or documentation in the

16   possession of the insurer, whether as a result of its having been submitted by the claimant or

17   obtained by the insurer in the course of its investigation, that provides any evidence of the claim

18   and that reasonably supports the magnitude or the amount of the claimed loss."  Cal. Code Regs.

19   tit. 10, § 2695.2(s).

20   In their briefs, the parties dispute Newcomer's allegation that Colony's response to the

21   tender did not satisfy the regulation.  Colony argues that under the terms of the policy its defense

22   obligation could not have been triggered before Melidonis filed suit on April 2, 2019, which

23   renders its April 24, 2019 response timely.  Mot. 10; Reply 4-5.  In response, Newcomer argues

24   that Colony's duty to defend arose at the prelitigation stage, and that Colony's April 24, 2019

25   response that it would "continue to investigate this matter under a complete reservation of rights"

---

Newcomer."  *See* Am. Counterclaim ¶ 9; Totorp Decl. ¶¶ 3-4.  Neither side offered any authority to support the court's consideration of these materials on a motion to dismiss.  The court will not consider them.

8

does not comply with the regulation.  *See* Am. Counterclaim ¶ 6; Opp'n 8.

In other words, the parties' briefs address the merits of Newcomer's allegation that Colony did not comply with the regulation, rather than speaking to the pertinent question of whether Newcomer adequately has pleaded the claim.  In order to state a claim for breach of a written contract, the plaintiff must "allege the specific provisions in the contract creating the obligation the defendant is said to have breached."  *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978 (N.D. Cal. 2016) (quoting *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011)).  The amended counterclaim fails to satisfy this requirement, as it does not identify a provision in the policy that Colony breached by allegedly violating section 2695.7(b).  Accordingly, Newcomer has failed to state a claim for breach of contract based on section 2695.7(b).[3]  This counterclaim is dismissed with leave to amend.

### B. Anticipatory Breach of Contract

Newcomer's second counterclaim is for anticipatory breach of contract.  It alleges that "Colony has breached the contractual provisions of the Policy by clearly and positively indicating that it will not meet its obligations under the contract to accept coverage for indemnity."  Am. Counterclaim ¶ 24.  Specifically, Newcomer alleges that on July 19, 2019, Colony's counsel informed Newcomer that "Colony declines to provide either defense or indemnity" to Newcomer, but subsequently stated on January 14, 2020 that "Colony has reconsidered its position . . . dated July 19, 2019" and "agrees to continue providing a defense to Newcomer . . . subject to a full reservation of rights."  *Id*. at ¶ 25.  According to Newcomer, Colony "has anticipatorily repudiated the contractual provisions of the Policy by refusing to acknowledge Colony's duty to indemnify and thereby has breached the insurance contract."  *Id*. at ¶ 26.

Under California law, an anticipatory breach occurs when one of the parties to a contract

---

[3] The amended counterclaim also alleges that Colony failed to comply with California Insurance Code section 790.03(h)(1), which provides that it is an "unfair claims settlement practice" to "[m]isrepresent[ ] to claimants pertinent facts or insurance policy provisions relating to any coverages at issue" if such practice is "[k]nowingly commit[ed] or perform[ed] with such frequency as to indicate a general business practice."  Am. Counterclaim ¶ 22.  It is not clear which allegations support an unfair claims settlement practice.  Newcomer mentions this provision only in passing in its opposition, thereby conceding this part of the claim.  *See* Opp'n 9.

repudiates the contract by "express[ly] and unequivocal[ly] refus[ing] to perform." *Taylor v. Johnston*, 15 Cal. 3d 130, 140 (1975). "[R]epudiation may be express or implied. An express repudiation is a clear, positive, and unequivocal refusal to perform." *Id.* at 137. In contrast, "an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible." *Id.* Here, Newcomer has not alleged that Colony has made any clear, positive and unequivocal statements that it refuses to indemnify Newcomer; to the contrary, it informed Newcomer that it had "reconsidered its position" and would continue to provide Newcomer with a defense, subject to a reservation of rights. Newcomer also has not alleged any facts from which the court could infer that Colony has engaged in conduct that makes it impossible for Newcomer to perform. In the absence of such allegations, Newcomer has failed to state a claim for anticipatory breach. This claim is dismissed with leave to amend.

### C.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Newcomer's third counterclaim is for breach of the implied covenant of good faith and fair dealing. "As in every other contract, an implied covenant of good faith and fair dealing is implicit in an insurance contract." *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1208 (2009). "California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). As discussed above, Newcomer has failed to allege a breach of contract counterclaim. Accordingly, this counterclaim is dismissed with leave to amend.

//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, Colony's motion to dismiss is granted. Newcomer's amended counterclaims are dismissed with leave to amend, except for the breach of contract claims based on failure to indemnify and on California Insurance Code section 790.03(h)(1), which are dismissed without leave to amend. Newcomer must file any second amended counterclaim within 14 days of the date of this order and must plead its best case.

The January 6, 2021 case management conference is CONTINUED to March 3, 2021 at 1:30 p.m. An updated joint CMC statement is due by February 24, 2021.

**IT IS SO ORDERED.**

Dated: January 4, 2021



Donna M. Ryu
United States Magistrate Judge