UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GLENN E. NEWCOMER CONSTRUCTION,<br><br>Defendant. | Case No. 20-cv-00480-DMR<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM**<br><br>Re: Dkt. No. 51 |

This is an action for declaratory relief related to an insurance coverage dispute. Plaintiff Colony Insurance Company ("Colony") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant Glenn E. Newcomer Construction's ("Newcomer's") second amended counterclaims. [Docket No. 51.] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Colony filed this declaratory relief action on January 22, 2020. It seeks a determination of the parties' rights and obligations under general liability policy no. 101 PKG 0006651-02 ("the Policy"), issued by Colony to Newcomer for the period April 21, 2017 to April 21, 2018. Compl. ¶ 7, Ex. A (Policy). In relevant part, the Policy "generally provides coverage . . . for 'those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies,'" and provides that Colony "ha[s] the right and duty to defend the insured against any 'suit' seeking those damages," with certain exceptions and exclusions. Compl. ¶¶ 9-15.

On April 2, 2019, third party Hayley Melidonis sued Newcomer and other defendants in San Francisco County Superior Court in *Melidonis v. Lexington Insurance Company, et al.*, Case

No. CGC-19-574967 (the "Underlying Action"). Compl. ¶ 19, Ex. B. Melidonis alleges that Newcomer acted as the general contractor on a construction and remodel project for a condominium unit located in San Francisco, California. She asserts claims against Newcomer for breach of contract, negligence, and fraud stemming from cost overruns and work defects. Compl. ¶¶ 20-29. Colony alleges that it received "notice of the incident giving rise to the Underlying Action" on August 13, 2018, and that it "agreed to provide Newcomer with a defense in the Underlying Action, subject to a full reservation of rights." *Id*. at ¶¶ 31, 38. It contends that "it has no defense or indemnity obligation in the Underlying Action" because the Policy either does not cover the claimed damages by Melidonis or the damages are barred by policy provisions and exclusions. *Id*. at ¶¶ 40-43.

Colony brings various claims for declaratory relief and two claims for reimbursement of costs and indemnity payments in the Underlying Action. Compl. 6-13. Newcomer filed an answer and counterclaims on March 20, 2020. [Docket No. 11 (Answer).] On July 20, 2020, the court dismissed the counterclaims for breach of contract and bad faith with leave to amend. *Colony Ins. Co. v. Glenn E. Newcomer Constr.* ("*Colony I*"), No. 20-CV-00480-DMR, 2020 WL 4050635, at *4 (N.D. Cal. July 20, 2020). Newcomer timely filed amended counterclaims on August 3, 2020. [Docket No. 29 (Am. Counterclaim).] On January 4, 2021, the court dismissed the amended counterclaims for breach of contract based on Colony's alleged failure to indemnify and failure to comply with California Insurance Code section 790.03(h)(1) with prejudice. *Colony Ins. Co. v. Glenn E. Newcomer Constr.* ("*Colony II*"), No. 20-CV-00480-DMR, 2021 WL 23277, at *3, 5 n.3 (N.D. Cal. Jan. 4, 2021). The court granted Newcomer leave to amend its counterclaims for breach of contract based on Colony's alleged creation of a conflict and failure to comply with California Code of Regulations Title 10 Chapter 5 section 2695.7(b); anticipatory breach of contract; and breach of the implied covenant of good faith and fair dealing. *Id*. at *4-6.

Newcomer timely filed its second amended counterclaims. [Docket Nos. 48 (2d Am. Counterclaim), 48-1 (Spencer Decl., Jan. 17, 2021).] These counterclaims are for breach of contract, anticipatory breach, and breach of the implied covenant of good faith and fair dealing. 2d Am. Counterclaim ¶¶ 23-42. Newcomer seeks damages for Colony's breaches including

attorneys' fees and litigation costs and punitive damages. *Id*. at 9, Prayer.

The second amended counterclaims allege that after Newcomer became aware that Melidonis "was making a claim to Colony against Newcomer stemming from" a renovation project on her condo, it tendered the defense and indemnification of Melidonis's claim to Colony on January 30, 2019. 2d Am. Counterclaim at ¶¶ 3, 4. On April 24, 2019, after Melidonis filed her complaint in Superior Court and almost three months after the tender, Colony responded that it would "continue to investigate this matter under a complete reservation of rights . . . [but] there does not appear to be coverage for any of the alleged damages." *Id*. at ¶ 6. It has also "refused to acknowledge any duty of indemnification owed to Newcomer[.]" *Id*. at ¶ 10.

In the Underlying Action, Melidonis alleges that Newcomer was "negligent in his work and/or supervision of workers" and that Melidonis was harmed, including suffering "Loss of Use Damages" as well as "medical, mental and emotional distress damages[.]" *Id*. at ¶ 7. In its counterclaims, Newcomer alleges that it has consistently maintained that it "did no work at [Melidonis's] Condo and did not have any workers working at the Condo, and did not provide any product for the Condo project." Newcomer further alleges that Colony "has refused to admit that Newcomer did not work at the Condo," citing Colony's responses to Newcomer's requests for admission. *Id*. at ¶¶ 8, 9; Spencer Decl. Ex. A (Responses to RFAs).

Newcomer also alleges that Colony "has refused to acknowledge its duty of indemnification owed to Newcomer" even though it is defending Newcomer in the Underlying Action. *Id*. at ¶ 10. It further alleges that the Colony adjuster(s) handling the defense of the Underlying Action is also handling the prosecution of the instant action against Newcomer for declaratory relief. *Id*. at ¶ 11. "Given Colony's reservation of rights and the inextricable commingling of interests and issues between" this action and the Underlying Action, "and Colony's unilateral control of both actions," Newcomer demanded that Colony provide independent counsel pursuant to California Civil Code 2860, but Colony refused. *Id*. at ¶ 12.

Colony now moves to dismiss the second amended counterclaims for failure to state a claim.

## II. LEGAL STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *See AirWair Int'l Ltd. v. Schulz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr*.

4

*Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.     DISCUSSION

### A.     Breach of Contract

Under California law, "[a]n insured can pursue a breach of contract theory against its insurer by alleging the insurance contract, the insured's performance or excuse for nonperformance, the insurer's breach, and resulting damages." *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 536 (1998). Newcomer alleges that Colony breached the Policy by refusing to provide independent counsel under California Civil Code section 2860. 2d Am. Counterclaim ¶¶ 26-28.

In *San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc.*, 162 Cal. App. 3d 358, 364 (1984), "the court held that if a conflict of interest exists between an insurer and its insured, based on possible noncoverage under the insurance policy, the insured is entitled to retain its own independent counsel at the insurer's expense," commonly referred to as "*Cumis* counsel." *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal. App. 4th 1093, 1100 (2001). In 1987, the California Legislature codified the duty to provide independent counsel in California Civil Code section 2860 "but clarifi[ed] and limit[ed] *Cumis*'s stated rights and responsibilities of insurer and insured." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1420 (2002) (quotation marks and citations omitted). Section 2860 provides that "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured" unless the insured waives the right to independent counsel in writing. Cal. Civ. Code § 2860(a).

In *James 3 Corp.*, the court listed "[s]ome of the circumstances that *may* create a conflict of interest requiring the insurer to provide independent counsel." 91 Cal. App. 4th at 1101 (emphasis added). These include: "(1) where the insurer reserves its rights on a given issue *and* the outcome of that coverage issue can be controlled by the insurer's retained counsel;" (2) "where the insurer insures both the plaintiff and the defendant;" (3) "where the insurer has filed suit against the insured, whether or not the suit is related to the lawsuit the insurer is obligated to

defend;" (4) "where the insurer pursues settlement in excess of policy limits without the insured's consent and leav[es] the insured exposed to claims by third parties;" and (5) "any other situation where an attorney who represents the interests of both the insurer and the insured finds that his or her representation of the one is rendered less effective by reason of his [or her] representation of the other." (emphasis in original; internal quotation marks and citations omitted). However, "[a] mere possibility of an unspecified conflict does not require independent counsel. The conflict must be significant, not merely theoretical, actual, not merely potential." *Dynamic Concepts, Inc. v. Truck Ins. Exch.*, 61 Cal. App. 4th 999, 1007 (1998).

This court previously noted that the allegation that an insurer "is contractually obligated to provide *Cumis* counsel but has refused to do so" could form the basis for a breach of contract claim "[w]ith appropriate supporting facts." *Colony II*, 2021 WL 23277, at *4 (citing *Citizens Ins. Co. of Am. v. Chief Digital Advisors*, ---F. Supp. 3d---, No. 20-CV-1075-MMA (AGS), 2020 WL 6889174, at *4 (S.D. Cal. Nov. 24, 2020) (holding that defendant insured had stated a plausible claim for breach of insurance contract based on insurer's failure to provide independent counsel)). In order to "sufficiently plead a duty under Civil Code § 2860" to provide independent counsel, an insured "must allege that an actual conflict exists." *Citizens*, 2020 WL 6889174, at *4.

In this case, the basis for the purported conflict is Colony's provision of a defense to Newcomer under a reservation of rights. *See* 2d Am. Counterclaim ¶¶ 12, 26. California courts repeatedly have recognized that "a conflict of interest does not arise every time the insurer proposes to provide a defense under a reservation of rights. There must also be evidence that the outcome of [the] coverage issue can be controlled by counsel first retained by the insurer for the defense of the [underlying] claim." *Gafcon*, 98 Cal. App. 4th at 1421 (quotation marks and citation omitted, brackets in original); *see also* Cal. Civ. Code § 2860(b). As the court in *Gafcon* explained, "[i]t is only when the basis for the reservation of rights is such as to cause assertion of factual or legal theories which undermine or are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient to require independent counsel, to be chosen by the insured, will arise." 98 Cal. App. 4th at 1421-22. Therefore, "[i]n the event of the insurer's reservation of rights, the insured's right to independent counsel depends upon the nature of the

6

coverage issue, as it relates to the issues in the underlying case." *Id*. at 1422 (quotation marks and citation omitted).

Here, Newcomer asserts that paragraph 13 of the second amended counterclaims describes the "essence of the conflict Colony created," as follows:

> Newcomer, upon information and belief, alleges that a conflict of interest has arisen which mandates provision of independent counsel because the issues in the Underlying Action related to whether Newcomer performed any work, provided any workers or product at and/or for the Condo are also key to coverage in the Instant Action. If Newcomer did work at the Condo that might afford support for one of Colony's exclusionary arguments made against coverage in the Instant Action while perhaps having an adverse effect on settlement and/or defense of the Underlying Action.

Opp'n 4 (citing 2d Am. Counterclaim ¶ 13). This allegation, which is difficult to follow, does not satisfy Newcomer's obligation to set forth a clear description of the basis for Colony's reservation of rights and explain how that reservation of rights has "cause[d] [the] assertion of factual or legal theories which undermine or are contrary to the positions to be asserted" in the Underlying Action. *See Gafcon*, 98 Cal. App. 4th at 1421-22.

Newcomer further alleges that "a conflict will exist in situations such as the instant one where 'the outcome of [the] coverage issue can be controlled by counsel first retained by the insurer for the defense of the [underlying] claim.'" *Id*. at ¶ 27 (quoting *Gafcon*, 98 Cal. App. 4th at 1421). This allegation is entirely conclusory. For example, Newcomer does not allege that Colony's counsel "could control the characterization of the injury in the underlying action" in a way that impacts the coverage question in this case. *See, e.g., Citizens*, 2020 WL 6889174, at *4 (finding insured alleged an actual conflict where it alleged that insurer relied on "Knowing Violation of Rights" exclusion when it reserved its rights, which overlapped with the liability issue in the underlying action, because "counsel could control the characterization of" the insured's alleged conduct); *Admiral Ins. Co. v. Rodriguez*, No. SACV 11-0156 AG (MLGx), 2012 WL 13020022, at *4 (C.D. Cal. Jun. 14, 2012) (finding claim for independent counsel plausible where insured alleged that insurer's reservation of rights was based on whether underlying action related to "bodily injury" or "property damage" and insurance counsel "could control the characterization of the injury in the underlying action"). Instead, Newcomer makes vague allegations that the

7

outcome of the dispute about whether it performed work at Melidonis's condo "might" support Colony's coverage position; it does not explain what this means or how Colony's counsel in the Underlying Action could influence or control the outcome of this issue. *See* 2d Am. Counterclaim ¶ 13. Newcomer's position that the dispute creates the "possibility" of a conflict is plainly insufficient; "[t]he conflict must be significant, not merely theoretical, actual, not merely potential." *Dynamic Concepts*, 61 Cal. App. 4th at 1007.

Newcomer further alleges that "[p]rovision of independent counsel would provide insight into this conflict and protect" Newcomer. 2d Am. Counterclaim ¶ 14. This is not the purpose of or standard for appointment of independent counsel. *See Gafcon*, 98 Cal. App. 4th at 1421-22.

In sum, the court concludes that the second amended counterclaim does not plausibly allege the existence of an actual conflict of interest supporting Newcomer's right to independent counsel. As a result, Newcomer has failed to allege that Colony owed it a duty under California Civil Code section 2860, and its breach of contract claim based on violation of that provision must fail. Since Newcomer has already been given the opportunity to amend the breach of contract counterclaim based on Colony's failure to appoint independent counsel, the claim is dismissed without leave to amend.

**B.     Anticipatory Breach of Contract**

Newcomer's second counterclaim is for anticipatory breach of contract. It alleges that Colony has "anticipatorily repudiated the contractual provisions" of the parties' insurance contract by making it "unequivocally clear that it has no intention of indemnifying Newcomer" with respect to the Underlying Action and "repetitiously asseverat[ing] that it will never indemnify Newcomer[.]" 2d Am. Counterclaims ¶ 30, 34, 35. In support, it notes that on July 19, 2019 Colony notified Newcomer that it declined to provide either a defense or indemnity to Newcomer, even though it later agreed to continue providing a defense, and that Colony "is actively seeking to avoid any such obligation" to indemnify in this action. *Id*. at ¶¶ 31, 33.

Under California law, an anticipatory breach occurs when one of the parties to a contract repudiates the contract by "express[ly] and unequivocal[ly] refus[ing] to perform." *Taylor v. Johnston*, 15 Cal. 3d 130, 140 (1975). "[R]epudiation may be express or implied. An express

8

repudiation is a clear, positive, and unequivocal refusal to perform." *Id.* at 137. In contrast, "an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible." *Id.*

Here, Newcomer offers no support or authority for its position that it can state a claim for anticipatory breach of contract in these circumstances, where the insured initially declined to provide a defense or indemnity to its insured but then agreed to provide a defense under a reservation of rights and filed an action seeking declaratory relief that it has no defense or indemnity obligation in the Underlying Action. Although Colony disputes whether the Policy provides coverage for the Underlying Action, Newcomer has not alleged that Colony has made any clear, positive and unequivocal statements that it will refuse to indemnify Newcomer even if the coverage dispute resolves in Newcomer's favor. Newcomer also has not alleged any facts from which the court could infer that Colony has engaged in conduct that makes it impossible for Newcomer to perform. In the absence of such allegations, Newcomer has failed to state a claim for anticipatory breach. Given the prior opportunity to amend, this claim is dismissed without leave to amend.

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Newcomer's third counterclaim is for breach of the implied covenant of good faith and fair dealing. 2d Am. Counterclaims ¶¶ 40, 41. "As in every other contract, an implied covenant of good faith and fair dealing is implicit in an insurance contract." *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1208 (2009). "California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008). As discussed above, Newcomer has failed to allege a breach of contract counterclaim. Accordingly, this counterclaim is dismissed without leave to amend.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, Colony's motion to dismiss the second amended counterclaims is granted.  Newcomer's counterclaims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 5, 2021



Donna M. Ryu
United States Magistrate Judge

10